IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LYNETTE RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-059 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Lynette Ramos ("Plaintiff"), acting *pro se*, appeals the decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

Plaintiff is a fifty-six year old female with a ninth grade education and past relevant work experience as a housekeeper. Tr. ("R."), at 26, 29, 65-67, 89. Plaintiff protectively applied for DIB and SSI on December 5, 2011, alleging a disability onset date of August 4, 2011. R. at 20, 184, 188, 220. Th*e* Social Security Administration denied Plaintiff's application initially and on

reconsideration. R. at 20, 161-73. The Administrative Law Judge ("ALJ") held a hearing on April 4, 2013, and heard testimony from Plaintiff, from Chantel Beaty, Plaintiff's daughter, and Dr. Stuart, a Vocational Expert ("VE"). R. 60-92. Plaintiff was represented by a non-attorney representative at the hearing. On April 12, 2013, the ALJ issued an unfavorable decision. R. 20-30.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since August 4, 2011, the alleged onset date (20 C.F.R. § 404.1571 *et seq*., and 416.971 *et seq*.).

2. The claimant has the following severe impairments: bipolar disorder, narcissistic personality disorder, borderline intellectual functioning (20 C.F.R. § 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to occupations requiring no more than simple routine repetitive tasks, not performed in a fast paced production environment, involving only simple work related instructions and decisions and relatively few work place changes. The claimant is further limited to occupations requiring no more than occasional interaction with co-workers and members of the general public.

5. The claimant is capable of performing past relevant work as a housekeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565, 416.965).

R. at 20-30.

When the Appeals Council denied Plaintiff's request for review, R. at 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action *pro se* requesting reversal. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because (1) she meets a Listing; (2) she lacks the mental capacity to work because she was terminated from her past jobs as a housekeeper; and (3) her condition has worsened and she has been diagnosed with a tumor. (See doc. no. 11 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See doc. no. 12 (hereinafter "Comm'r's Br.").)

**II.     STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a

3

reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. The ALJ's Finding that Plaintiff Did not Meet a Listing is Supported by Substantial Evidence.

Plaintiff alleges that her impairments meet or equal an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1. Pl.'s Br. at 1. Plaintiff does not specify which Listing she allegedly meets or equals, and does not show how the medical evidence satisfies any Listing. Id.

At step three of the sequential evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which

4

describes impairments severe enough to prevent a person from performing any substantial gainful activity. Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993). Plaintiff bears the burden of showing that her condition meets or equals a Listing. Wilkinson *ex rel.* Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). In order to show that her impairment meets a Listing, Plaintiff needs to satisfy all of the specified medical criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). It is axiomatic that when a claimant's condition meets or equals a Listing, the Commissioner must find the claimant disabled without regard to the claimant's age, education, or previous work experience. 20 C.F.R. § 416.920(d).

The ALJ evaluated Plaintiff's mental impairments under Listings 12.02 (organic mental disorders), 12.04 (affective disorders), 12.08 (personality disorders), and 12.09 (substance addiction disorders). R. at 23; see 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.02, 12.04, 12.08, 12.09. In order to meet any of those listings, Plaintiff must satisfy the "paragraph B" criteria of the Listings by showing that her mental impairments result in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. R. at 23; see 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.02B, 12.04B, 12.08B. Listing 12.09 does not have "paragraph B" criteria, but for substance addiction disorders, the required severity is met when the requirements are met for Listings 12.02 (organic mental disorders), 12.04 (affective disorders), and 12.08 (personality disorders). See 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.09. The ALJ evaluated these listings and found Plaintiff did not satisfy the requirements. R. at 23.

5

Substantial evidence supported the ALJ's finding that Plaintiff did not meet any of these listings. This finding was directly supported by a mental status examination performed by John C. Whitley, III, Ph.D, a consultative examiner. R. at 329-34. Dr. Whitley reported that Plaintiff could organize her own schedule, bathe and dress for weather and situation, cook using a microwave, drive and shop for herself, and manage her finances. R. at 331. Dr. Whitley also found that despite poor interpersonal relationships going back to childhood, she was able to communicate with others appropriately. R. at 333. Plaintiff also relayed to Dr. Whitley that she maintained a close relationship with her adult children. R. at 330. As to concentration, persistence, and pace, Dr. Whitley noted her concentration and memory were grossly intact, she worked at a moderate pace during testing, and that her thought processing was adequate in regard to production. R. at 332. Thus, the evidence only supported less than marked limitations in regards to activities of daily living, social functioning, and maintaining concentration, persistence, and pace. Furthermore, the evidence showed no episodes of decompensation of extended duration. R. at 24.

The opinions of Dr. Joseph Garmon and Dr. John Cooper, two state agency consultants, also support the ALJ's evaluation of Dr. Whitley's examination and his finding of no marked limitations in regards to the Paragraph B criteria. Dr. Garmon found only moderate limitations and no extended episodes of decompensation. R. at 101. Dr. Cooper concurred with this assessment. R. at 134. Accordingly, the opinions of the state agency consultants provide additional evidence that Plaintiff did not meet a Listing.

In her brief, Plaintiff takes issues with the ALJ's findings as to her activities of daily living, arguing that she requires help with grooming, cooking, bathing, and that she has never had a garden. (Doc. no. 13, p. 3.) The record, including Plaintiff's own testimony, reflects

6

that Plaintiff could groom, bathe, and dress herself on her own. R. at 75, 331. Although Plaintiff testified that she did not cook, she also stated that she could make simple meals in the microwave. R. at 73. As to gardening, this was recorded in Dr. Whitley's examination and no evidence to the contrary was offered by Plaintiff. A treatment note from Serenity Behavioral Health Systems noted that Plaintiff had started "planting." R. at 527. Regardless, the record reflected that Plaintiff's activities of daily living were fairly normal and that she lived for the most part independently. Accordingly, Plaintiff's arguments to the contrary do not undermine the ALJ's decision.

Plaintiff's assertion that Dr. Whitley found she lacked the ability to work with others is also not supported by the record. Pl.'s Br., p. 3. Dr. Whitley stated that she reported poor interpersonal relationships going back to childhood which continued to impact her ability to interact with others for any significant length of time. R. at 333. Dr. Whitley did not preclude Plaintiff from working with others, and the ALJ's finding that there was only a moderate limitation in this area is supported by both Dr. Garmon and Dr. Cooper's opinions.

In sum, the ALJ's determination that Plaintiff did not meeting a mental impairment Listing is supported by substantial evidence. The evidence demonstrated no more than moderate limitations in the Paragraph B criteria and no extended episodes of decompensation. Accordingly, Plaintiff's arguments to the contrary are without merit.

**B.  The ALJ's RFC Appropriately Accounted for Plaintiff's Difficulties in Working With Others.**

Plaintiff argues that the ALJ did not take into account that she had been terminated repeatedly from past housekeeping jobs and that she lacks the mental capacity to work. Pl.s Br.,

p. 3. However, the ALJ appropriately considered Plaintiff's past terminations and found that she had the mental capacity to perform her past work as a housekeeper.

In making an RFC determination, the ALJ is charged with the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly. See Battle v. Astrue, 243 F. App'x 514, 523 (11th Cir. 2007); Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). Furthermore, an ALJ does not adopt the opinion of any one medical source, but considers the totality of the evidence in arriving at a conclusion on the ultimate question of disability. See 20C.F.R. §§ 404.1527(b), (c); 416.927(b), (c); Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (reasoning that prior inconsistent treatment notes and Claimant's daily activities supported ALJ's decision to reject functional capacities evaluation by treating physician). An ALJ's decision also need not address every limitation included in a physician's report as long as the written decision is clear that the ALJ considered both the physician's opinion and the plaintiff's condition as a whole. See Adams v. Comm'r, Soc. Sec. Admin., 586 F. App'x 531, 534 (11th Cir. 2014).

First, Plaintiff's RFC is supported by treatment notes from Serenity Behavioral Health Systems, which she visited for counseling from 2012 onward. R. at 27. On January 31, 2012, Plaintiff reported she was taking her medication as prescribed, she felt better, she denied hallucinations, negative thinking, and paranoia, and she had been babysitting for her son and daughter. R. at 27, 457. On February 3, 2012, Plaintiff reported only mild stress and depression, and she was coping with her symptoms by watching television and sometimes watching her grandkids. R. at 27, 456. On May 21, 2012, Plaintiff was still taking her medication as ordered, she denied adverse effects, and she was stable and functioning at baseline. R. at 27, 496. In July 2012, she started planting and getting into aroma therapy. R.

8

at 27, 527.  On November 29, 2012: (1) Plaintiff had an average fund of knowledge and her eye contact and speech were normal; (2) her thought processes were organized, and she did not endorse symptoms of flight of ideas, loose associations, or preservations; (3) her mood was euphoric and her affect was labile and angry; (4) her thought content was normal; (5) she denied delusions, hallucinations, and suicidal or homicidal thoughts; and (6) she had no concentration deficits.  R. at 27, 490.

Plaintiff's subsequent mental exams in January 2013 and February 2013 revealed similar findings.  R. at 27, 486, 488.  Notably, Plaintiff's mental status exam in February 2013 showed: (1) Plaintiff was doing fine with no complaints; (2) her mood was euthymic, her affect was congruent, and her thought content was normal; (3) she did not exhibit compulsions, obsessions, guilt, phobias, or ideas of reference; (4) she denied delusions, hallucinations, irritability, mood swings, and suicidal or homicidal thoughts; and (5) her judgment and insight were fair.  R. at 23-24, 27, 486.

Dr. Whitley's evaluation also supported the ALJ's RFC.  Although Dr. Whitley reported that Plaintiff was irritable during the examination, he also opined that she could communicate with others, maintained adequate self-care skills, and demonstrated adequate thought processing.  R. at 332-33.  Dr. Whitley's reporting of normal functioning with some moderate limitations comports with the medical treatment notes from Serenity.

As to the evidence that Plaintiff was terminated from her job due to difficulties with her supervisor, the ALJ considered this evidence when formulating her RFC.  R. at 26, 75-78.  In the RFC, the ALJ specifically limited Plaintiff to only occasional interaction with co-workers and members of the general public.  R. at 25.  Ultimately, the ALJ found that the medical evidence along with Plaintiff's daily activities did not prohibit her from performing

9

basic work activities or preclude her from working with others. See R. at 29. Specifically, the ALJ found that Plaintiff's ability to babysit her grandchildren directly contradicted the assertion that she could not work with others. R. at 29. In sum, the fact that Plaintiff had been terminated from other housekeeping jobs was not dispositive of her ability to return to her past work. The medical evidence and Plaintiff's own statements supported only moderate limitations in interacting with others, and thus, the ALJ's RFC finding is supported by substantial evidence.

To the extent that Plaintiff offers new evidence to show her past terminations, this new evidence does not warrant remand. This Court can only consider new evidence for the limited purpose of determining whether the case should be remanded to the ALJ pursuant to sentence six of 42 U.S.C § 405(g). Sentence six of § 405(g) authorizes the Court "to remand a case: 'upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996) (quoting 42 U.S.C. § 405(g)); see also Reynolds v. Comm'r of Social Sec., 457 F. App'x 850, 853 (11th Cir. 2012) ("The sixth sentence of 42 U.S.C. § 405(g) provides that a reviewing court may remand a Social Security case to the agency for consideration of new evidence that previously was unavailable."). In order to demonstrate that remand is appropriate, a claimant must show: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Enix v. Comm'r of Soc. Sec., 461 F. App'x 861, 865 (11th Cir. 2012) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986)).

In order to be material, new evidence must relate to the period on or before the date of the ALJ's decision. See Enix, 461 F. App'x at 863 (citing Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999) (providing that, in order to be probative of whether the person was disabled during the period under review, evidence must relate to that period); see also Lipscomb v. Comm'r of Soc. Sec., F. App'x 903, 907 (11th Cir. 2006) (questionnaire related to the time period under consideration by ALJ because doctor "indicated that his questionnaire answers related to his perception of [claimant's] condition as it existed prior to the ALJ's decision" by basing the opinion on both his treatment records and those from other doctors, all dated during the relevant time period).

Here, the evidence submitted is cumulative because the ALJ heard testimony from Plaintiff that she had been terminated from all of her past housekeeping jobs. R. at 78. Furthermore, Plaintiff has not shown good cause for failing to submit this evidence at the administrative level despite the terminations having already occurred. Pl.'s Br., pp. 4-11. Finally, the evidence is not material because the ALJ rebutted Plaintiff's assertions that her difficulties in interacting with others precluded her from working. Accordingly, this new evidence does not require remand under sentence six of 42 U.S.C § 405(g).

### C. Plaintiff's Assertion that Her Condition Has Deteriorated Does Not Warrant Remand.

Plaintiff was 53 years old when the ALJ issued a decision. R. at 26. Plaintiff is now 56 years old, she claims that her condition has worsened since 2013, and that the Commissioner did not consider her "updated status." Pl.'s Br. at 1-2. The ALJ's decision is dated April 12, 2013 R. at 30, which ends the relevant period under consideration. See Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999) ("We review the decision of the ALJ as to whether the claimant was

entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision."). Thus, even assuming Plaintiff's condition worsened since the ALJ decided Plaintiff's claim, it is irrelevant to the period considered by the ALJ. The same is true of her age.

Plaintiff specifically mentions a tumor in her uterus and alleges this impairment precludes her from walking, lifting over ten pounds, and performing certain activities of daily living. Pl.'s Br at 1. Plaintiff complained of a tumor in her uterus at the psychological exams with Dr. Douglas S. Payne on December 21, 2006, R. at 286, and Dr. Whitley on April 26, 2010, R at 329. These are the only two references to a tumor in the record when the ALJ made his decision. When specifically asked on January 15, 2010, she denied having a tumor. R. at 444. There is no evidence showing ongoing treatment for a tumor or any medical evidence that this tumor precludes Plaintiff from walking, lifting over ten pounds, or performing activities of daily living. Accordingly, the ALJ did not err in considering Plaintiff's alleged tumor in her uterus.

Plaintiff also alleges she has severe arthritis. (Doc. no. 13, p. 2.) To the extent that she is referring to her current worsening condition, this impairment is irrelevant to the ALJ's decision. Furthermore, Plaintiff failed to allege arthritis as a basis for disability on her application, R. at 224, or even allege it as an impairment at the hearing. R. at 64. The only alleged impairments before the ALJ were substance abuse, bipolar disorder, narcissistic personality disorder, and hypertension. R. at 64; See Street v. Barnhart, 133 F. App'x 621, 627 (11th Cir. 2005) ("[A]dministrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'")(quoting Pena v. Chater, 76 F. 3d 906, 909 (8th Cir. 1996)). Furthermore, Plaintiff complained of arthritis to Dr. Harriet Steinert, M.D., but had full grip strength and

12

no abnormal findings. R. at 431-32. Accordingly, Plaintiff's allegations of arthritis do not undermine the ALJ's decision which appropriately omitted any impairments from her alleged arthritis.

In sum, Plaintiff's allegations of her condition deteriorating do not warrant remand. Furthermore, Plaintiff's allegations of a tumor and of arthritis are unsupported by the record, and the ALJ's omission of these impairments was not error.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 29th day of July, 2016, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA